IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FAZILA MUSTAFA and MOHAMMAD MUSTAFA, <br><br> Plaintiffs, <br><br> vs. <br><br> PFIZER, INC., PARKE-DAVIS, WARNER-LAMBERT COMPANY, and WARNER-LAMBERT COMPANY LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 06-349-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

  This case was filed May 3, 2006 and transferred to the District of Massachusetts's MDL Docket on August 14, 2006. The United States Judicial Panel on Multidistrict Litigation In Re: Neurontin Marketing, Sales Practices and Products Liability Litigation remanded the case back to this District on May 24, 2011. Upon remand, Plaintiffs' attorney John Driscoll moved and was granted leave to withdraw, as he had left the firm of record. Plaintiffs' remaining counsel then filed notice with the Court that they had been granted leave to withdraw in the MDL as irreconcilable differences had "developed between Plaintiffs and counsel regarding the direction of legal services" (Doc. 27-1). As Plaintiffs were now *pro se*, the Court ordered Plaintiffs to advise in writing whether they had retained counsel or planned to proceed *pro se* (Doc. 28). Plaintiffs did not respond. Plaintiffs were advised of a status conference requiring their presence held October 24, 2011 (Doc.s 24, 28). Plaintiffs did not attend or contact the Court.

Upon Plaintiffs' failure to respond to the Court's Order and failure to attend the status conference, the Court issued an Order to Show Cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with Orders of the Court (Doc. 29). Plaintiffs have not responded to that Show Cause Order.

"A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution.…Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *James v. McDonalds Corp.,* 417 F.3d 672, 681 (7th Cir. 2005) (internal citations and quotations omitted). Unless the dismissal states otherwise, 41(b) dismissal is on the merits and with prejudice. Fed.R.Civ.P. 41(b); *Paul v. Marberry,* 658 F.3d 702, 704 (7th Cir. 2011). Here, we have a pattern of muteness from Plaintiffs. The Court cannot prosecute this action for them or indefinitely delay the docket. Because Plaintiffs have failed to make any move on this 2006 complaint, and because they have failed to comply with Orders of the Court, this action will be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Judgment will be entered accordingly and the Clerk of the Court is directed to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: November 14, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge